UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| Brandon Currie, | File No. 22-cv-839 (ECT/DJF) |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Clayton Aswegan, *Elk River Police Officer*, Brandon Martin, *Elk River Police Officer*, and Ronnie Lawrence, *Paramedic*, | |
| Defendants. | |

_____

Nicholas Ratkowski, Ratkowski Law PLLC, St. Paul, MN, for Plaintiff Brandon Currie.

Mark R. Whitmore and Beth Louise LaCanne, Bassford Remele PA, Minneapolis, MN, for Defendants Allina Health Emergency Medical Services and Ronnie Lawrence.

_____

On September 3, 2018, the City of Elk River Police Department received a call that Plaintiff Brandon Currie was behaving strangely inside a gas station convenience store. Two officers—Defendants Clayton Aswegan and Brandon Martin—responded. After interacting with Mr. Currie, the officers grew convinced that he was impaired and probably needed medical attention, and they called for an ambulance. Things went sideways when the ambulance arrived. Mr. Currie tried to flee. After a short chase, the officers tackled Mr. Currie. And a paramedic—Defendant Ronnie Lawrence—injected Mr. Currie with ketamine.

Mr. Currie brought this case seeking to recover damages and other relief in relation to these events. In his operative Amended Complaint, Mr. Currie asserted thirteen counts

against the City of Elk River, the Elk River Police Department, Officers Aswegan and Martin, Allina Health Medical Emergency Services, and Allina paramedic Lawrence. After all these Defendants filed summary-judgment motions (and before the hearing on Defendants' motions), Mr. Currie dropped all but two claims. The two not-dropped claims were a § 1983/Fourth Amendment claim against the officers and a medical malpractice claim against paramedic Lawrence. Summary judgment was entered against these claims. *See Currie v. Aswegan*, No. 20-cv-0839 (ECT/DJF), 2024 WL 1242326 (D. Minn. Mar. 11, 2024).

Allina Health Emergency Medical Services and paramedic Lawrence seek to recoup taxable costs under 28 U.S.C. § 1920. ECF No. 86. They seek to recover deposition-transcript costs of $2,535.86 and copying costs of $2,154.92, for a total of $4,690.78. *Id.* Mr. Currie objects. ECF No. 87. Because the record shows that Mr. Currie's financial circumstances are grim and his medical malpractice claim was not frivolous, the better answer is that it would be inequitable to allow costs. Therefore, Allina and Mr. Lawrence's bill of costs will not be allowed.

"Unless a federal statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1); *see also* 28 U.S.C. § 1920 (listing taxable costs). Rule 54(d)(1) "gives district courts discretion to award costs to prevailing defendants '[u]nless a federal statute . . . provides otherwise.'" *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 373 (2013) (alterations in original). The party seeking to avoid a cost judgment bears the burden of showing that a cost judgment is "inequitable under the circumstances." *Concord*

2

*Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 498 (8th Cir. 2002) (quoting *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 463 (3d Cir. 2000).

A non-prevailing party's financial status may be considered when determining whether to tax costs. *See Poe v. John Deere Co.*, 695 F.2d 1103, 1108 (8th Cir. 1982) ("It is of course within a court's discretion to deny costs because a plaintiff is poor or for other good reason[.]"). A "nonprevailing party must be facing dire financial circumstances" to avoid paying costs. *Kaplan v. Mayo Clinic*, No. 07-cv-3630 (JRT/JJK), 2011 WL 3837095, at *2 (D. Minn. Aug. 29, 2011). "[I]t is not just a matter of being unable to presently pay the costs; it must also be shown that the litigant is not likely to be able to pay the costs in the future." *Id.* (cleaned up). Further, "[c]ourts routinely refuse to tax costs where the non-prevailing party is unable to pay those costs and did not bring a frivolous suit." *Damgaard ex rel. I.L.D. v. McKennan*, No. 13-CV-2192 (SRN/JSM), 2016 WL 1718370, at *2 (D. Minn. Apr. 29, 2016). Courts have considered the "'absence of clear victory' and 'indigency and good faith' of the non-prevailing party," as factors "which would weigh in favor of ordering each party to bear its own costs." *Chester v. Nw. Iowa Youth Emergency Ctr.*, 158 F.R.D. 626, 631 (N.D. Iowa 1994).

Here, the record shows that Mr. Currie's financial circumstances are dire and that he did not bring the medical malpractice claim in bad faith. In his deposition, Mr. Currie testified that he lived in a tent in the woods. ECF No. 62-1 at 30.[1] Medical records show that Mr. Currie suffers from schizophrenia and methamphetamine dependence and "need[s]

---

[1]   Page citations are to a document's CM/ECF pagination appearing in the upper right corner, not to a document's original pagination.

a place to live." ECF No. 64 at 2. Though summary judgment was entered against Mr. Currie's medical malpractice claim, the claim was not frivolous. The dispositive issue—whether Mr. Currie's expert affidavit was sufficient to support the claim—required "close analysis." *Currie*, 2024 WL 1242326, at *11. It is true that Mr. Currie's last-minute abandonment of eleven of his thirteen claims after the summary-judgment motions were fully briefed raises concerns. But Mr. Currie's decision to drop these claims complied with Rule 11's safe harbor, *see* Fed. R. Civ. P. 11(b)(2) (allowing a challenged claim to be withdrawn), and it would seem inappropriate to count that Rule 11-compliant decision against Mr. Currie for purposes of awarding costs.

## ORDER

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT** Defendants Allina Health Emergency Medical Services and Ronnie Lawrence's Bill of Costs [ECF No. 86] is **DENIED**.

Date: April 22, 2024          s/ Eric C. Tostrud
                                                   Eric C. Tostrud
                                                   United States District Court